FAY, Circuit Judge,
dissenting:
With the greatest regard for the majority position, I am simply unable to find anything erroneous about the finding of the district judge that Claim 32 of the original federal habeas petition did not raise any claim concerning the use of peremptory challenges during the selection of the petit jury. The language used speaks in clear terms and deals with an area of the law well known to all in the profession. There is nothing related between the composition of master wheels or pools for juries (grand or petit) and the use of challenges during voir dire. The Batson issue, as it is now labeled, was not raised until it was included in this successive petition. As such it is subject to the traditional scrutiny encompassed in the abuse of the writ doctrine.
In addition, it is my opinion that we do the petitioner no favor by stretching the *1477 words of Claim 32 to include a Batson isfeue. Counsel candidly admits that this claim (whatever it included) was deliberately, knowingly and for tactical reasons abandoned on the appeal taken in that matter. The majority’s approach totally ignores the abandonment of this issue when the case was appealed to this court. To conclude that a simple presentation to the district court is sufficient will surely lead to much tactical game playing. The balancing of equitable factors under the “ends of justice” analysis might overcome such abandonment in some instances, but it should not be ignored. As we stated in Bowden, after May 31, 1983 there could be little doubt that five members of the Supreme Court questioned the continued vitality of Swain. The appellant’s brief in the first appeal was filed on June 20, 1983. The reply brief was filed August 25, 1983. There is no question that counsel had presented the issue to the state court and was familiar with both the factual records and the state of the law. In sum, based upon what has been presented to us, I would not excuse the deliberate waiver.
Agreeing with the district court’s analysis of the other issues, I would deny the requested relief.